IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV218-03-MU

| | |
|---|---|
| RANDALL SALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NORTH CAROLINA LEGAL SERVICES, ) | |
| KEN BUTLER, ERICA M. ) | |
| GREENBERG, BILLY SANDERS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 21, 2006. (Document No. 1.) Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be <u>transferred</u> to the federal District Court for the Eastern District of North Carolina.

According to his Complaint, the Plaintiff is an inmate who is currently confined in Lumberton,, North Carolina. Plaintiff's Complaint essentially contains an allegation of ineffective assistance of counsel against three attorneys from North Carolina Prisoners Legal Services ("NCPLS"). Plaintiff contends that the lawyers from NCPLS were ineffective because they failed to challenge an Order of the United States Supreme Court signed by the Clerk of the Supreme Court, Mr. William K. Suter. Plaintiff believes that the Clerk of the Supreme Court is without authority to enter an order denying Plaintiff's petition.

It is clear that this Court doe not have the authority to entertain the merits of Plaintiff's

1

Complaint. Indeed, venue in a civil action based upon a federal question, i.e. alleged violations of an inmate's civil rights is proper in : 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Here, the Plaintiff lists all of the defendants' addresses as North Carolina Prisoners Legal Services in Raleigh, North Carolina. The Court has taken judicial notice that Raleigh, North Carolina is situated within the Eastern District of North Carolina. Consequently, because the face of the instant Complaint does not support a finding that the defendants reside in the Western District of North carolina, but allegedly reside in the Eastern District of North Carolina, this Court will not entertain the merits of Plaintiff's claim and will transfer this Complaint to the Eastern District of North Carolina..

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Eastern District of North Carolina.

**SO ORDERED**.

Signed: August 1, 2006

Graham C. Mullen
United States District Judge